IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC USA, INC. | § | |
| | § | |
| vs. | § | C.A. NO. H – 13 – 2798 |
| | § | ADMIRALTY |
| HAMBURG SÜD MEXICO, | § | |
| S.A. DE C.V. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Atlantic USA, Inc., doing business as Atlantic Cocoa Company, files this Original Complaint against Defendant Hamburg Süd Mexico, S.A. de C.V., *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York Corporation with its principal place of business in New York, New York.

3. At all times material, Defendant chartered, managed and/or operated the M/V BAHIA NEGRA and/or M/V CSAV RUPANCO as a common carrier of goods by

water for hire between various ports, including the Ports of Veracruz, Mexico, Cartagena, Colombia, New York and Houston.  Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it.  Defendant can be served by serving the Texas Secretary of State.  Process or notice can be sent to Defendant at its home office located at Centro Corporativo San Angel, Av. San Jerónimo No. 369, Piso 3, Colonia Tizapan Del Alvaro Obregón, C.P. 01090 Mexico.

    4.    On or about September 13, 2012, Plaintiff's shipper tendered in good order

and condition to Defendant at Veracruz a containerized cargo of cocoa butter.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at New York the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Defendant acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading including Bill of Lading No. SUDU222970811040 at Mexico City, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V BAHIA NEGRA.

5.      Thereafter, on or about September 26, 2012, the M/V BAHIA NEGRA arrived at Cartagena where Defendant transshipped part of the cargo to the M/V CSAV RUPANCO.

6.      Thereafter, on or about October 15, 2012, the M/V CSAV RUPANCO arrived at the Port of New York where Defendant later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was melted, short, slack, collapsed, contaminated, missing, never delivered and otherwise physically damaged or lost.  The damages and loss proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V BAHIA NEGRA and the M/V CSAV RUPANCO.

7.      Plaintiff proximately has sustained damages exceeding $31,381.11 plus interest dating from September 13, 2012, demand for which has been made upon

Defendant, but which it refuses to pay.

8. At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Atlantic USA, Inc. prays that this Honorable Court adjudge that Defendant Hamburg Süd Mexico, S.A. de C.V. is liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007
Telephone: (713) 864–2221
Facsimile: (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF